IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MAURICE WILLIAMS,

    Movant,

vs.                                                     No. CV 16-00997 RB/KBM
                                                           No. CR 13-02975 RB

UNITED STATES OF AMERICA,

    Respondent.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court under rule 4 of the Rules Governing Section 2255 Proceedings in the United States District Courts on Movant Maurice Williams' 28 U.S.C. § 2255 Motion to Vacate Sentence ("Motion") (CV Doc. 1; CR Doc. 88).  It appears from the Motion and record in CR 13-02975 that the motion was not filed within one year as required by 28 U.S.C. § 2255(f).  Therefore, the Court will order Movant Williams to show cause why the Motion should not be dismissed as untimely.

Final Judgment was entered on Williams' conviction and sentence on August 5, 2014. (CR Doc. 85).  Williams did not file a direct appeal.  His Motion under § 2255 was filed on September 6, 2016.  (CV Doc. 1, CR Doc. 88).

Section 2255(f) states:

> "A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of—
>
> > (1) the date on which the judgment of conviction becomes final;
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed,

1

> if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Movant Williams is proceeding under a theory that his sentence should be vacated and he should be resentenced based on *Johnson v. United States,* 135 S.Ct. 2551 (2015). The 1-year limitation period applicable to his claim, then, is the period under § 2255(f)(3). The *Johnson* decision was handed down by the Supreme Court on June 26, 2015 and the deadline under the Antiterrorism and Effective Death Penalty Act ("AEDPA") for filing a § 2255 motion based on *Johnson* was June 27, 2016 (June 26, 2016 was a Sunday and under Fed. R. Civ. P. 6(a)(1)(C), the time was extended to Monday, June 27). Williams indicates that the facility where he is incarcerated, USP Victorville, was on lock-down status from May 19, 2016 until July 19, 2016 and that, due to the lock-down, he had limited access to legal resources to prepare his filings. Williams contends that the lock-down status of the facility should excuse his untimely filing. (CV Doc. 1 at 6, CR Doc. 88 at 6).

The AEDPA's one-year statute of limitations is subject to equitable tolling, but only in rare and exceptional circumstances. *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir.1998). Equitable tolling would be appropriate when a prisoner is actually innocent, when an adversary's conduct or other uncontrollable circumstances prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.), *cert. denied,* 525 U.S. 891, 119 S.Ct. 210,

142 L.Ed.2d 173 (1998). Moreover, a petitioner must diligently pursue his federal collateral review claims and a claim of insufficient access to relevant law generally is not enough to support equitable tolling. *Miller,* 141 F.3d at 978.

In general, a temporary prison lock down does not qualify as an extraordinary circumstance to toll the § 2255 statute of limitations. *See United States v. Rauch*, 520 F. App'x 656, 658 (10th Cir. 2013). Further, although Williams indicates the lock-down ended on July 19, he delayed filing until September 6. Williams' decision to further delay filing his § 2255 motion after the lock-down ended does not constitute due diligence. *United States v. Rauch*, 520 F. App'x at 658.

Williams's Motion Under 28 U.S.C. §§ 2255 was not filed until September 6, 2016, more than one year after the Supreme Court's decision in *Johnson.* Absent circumstances excusing the late filing or tolling the running of the AEDPA limitations period, Williams's Motion is untimely under 28 U.S.C. § 2255(f)(3). Therefore, the Court will order Movant Williams to show cause why his Motion should not be dismissed as untimely. In his response to this Order, Williams shall identify any basis he claims for timeliness of his Motion under § 2255(f) and shall set out the facts supporting such a basis. If Williams fails to show cause within thirty days, the Court may dismiss his Motion as untimely without further notice.

IT IS ORDERED that Movant Maurice Williams shall, within thirty (30) days of entry of this Order, show cause why his 28 U.S.C. § 2255 Motion to Vacate Sentence (CV Doc. 1; CR Doc. 88) should not be dismissed as untimely under 28 U.S.C. § 2255(f).

_____
UNITED STATES CHIEF MAGISTRATE JUDGE